IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELWOOD FERGUSON GLADNEY, JR., | Civil Action No. 20 – 1765 |
| Plaintiff, | |
| | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| JOHN/JANE DOE, *Medical Department Staff*, K FEATHER, *Medical CHCA*, and J.S. JOHNSON, *Western Region/Response – Central Office*, | |
| Defendants. | |

## MEMORANDUM ORDER

This case is before the Court on Plaintiff's Motion "to drop the claims against defendants Mr. Giddens, Mr. Snider, Lt. Claypoole, N Franz, Central Office, [and] J.S. Johnson." (ECF No. 40.) As best the Court can tell, Plaintiff states that he would like to drop the aforementioned defendants from this case because they had no involvement in the medical care that Plaintiff received during the period at issue in 2018. He also states that after he receives his medical records, he will be able to ascertain who was directly involved with his medical care during the relevant time period. As such, it appears that he wants to be able to amend his complaint after he receives his medical records and identifies those individuals. He states that those individuals and Superintendent Adams will be named as the only defendants in this case. However, the Court has already ruled that there will be no discovery, including the production of medical records, until after the pending Motion to Dismiss/Summary Judgment is ruled upon. See ECF No. 37. The Court further notes that Plaintiff should not need his medical records to know those

1

individuals who were involved with his medical care even if he does not know their names. He has always had the ability to identify these individuals as John or Jane Doe defendants.

Plaintiff is also hereby informed that Mr. Giddens, Mr. Snider, Lt. Claypoole, N. Franz, Western Region/Response – Central Office, as well as Supt. Adams were all terminated as defendants in this action when Plaintiff filed his Amended Complaint on February 11, 2021. On February 11, 2021, the Court received and docketed Plaintiff's Amended Complaint and the only individuals listed as defendants in his Amended Complaint were (1) John/Jane Doe, Medical Department Staff; (2) K. Feather, Medical CHCA; and (3) J.S. Johnson, Western Region/Response – Central Office. See ECF No. 16. Indeed, when, on January 20, 2021, the Court ordered Plaintiff to amend his original Complaint, the Court specifically informed him that Plaintiff's amended complaint "must include all of Plaintiff's claims and should not refer back to the original complaint. Any claim not included in the amended complaint will be deemed waived." See ECF No. 14. Thus, Plaintiff's Amended Complaint, filed February 11, 2021, was a stand-alone complaint, not a supplement to his original Complaint, and any defendant that was not included in his Amended Complaint was terminated from this action.[1] As a result, all defendants were terminated except for the three defendants named in the Amended Complaint.

Taking into account Plaintiff's *pro se* status, and since it appears that Plaintiff may have been confused about the effect of his Amended Complaint, specifically, that it was a stand-alone complaint and any claim and defendant not included in it was deemed waived, the Court feels that the interest of justice require that Plaintiff to be given one last opportunity to amend his complaint and file a Second Amended Complaint. However, in amending, Plaintiff is again

---

[1] The Court does note that about a week after his Amended Complaint was received, the Court received what appeared to be a continuation of the Statement of Claim section to that Amended Complaint. In order to not cause any confusion to the defendants, the Court instructed the Clerk to docket that continuation as a Supplement to the Amended Complaint. See ECF No. 18.

warned that any Second Amended Complaint that he files will be a stand-alone complaint. That means that neither Plaintiff's original Complaint, nor his Amended Complaint (or Supplement thereto), will carry any force or effect and the only complaint to be operative in this case will be the Second Amended Complaint. As such, every claim Plaintiff wishes to bring against every defendant that he wishes to sue in this case MUST be included in the Second Amended Complaint and any claim or defendant not included in it will be deemed waived. Plaintiff will not be given another opportunity to amend his complaint in order to add additional defendants or additional claims – not even after if or when he receives his medical records. Accordingly, if Plaintiff does not know the name or identity of a particular defendant then he should refer to that defendant as John or Jane Doe and number them if there are more than one. He should also provide as much identifying information about each one as possible. Plaintiff must also take care to include EVERY defendant in the caption of his case. If a particular individual is not identified as a defendant in the caption of the Second Amended Complaint then that individual will not be included as a defendant. Plaintiff should clearly mark his complaint as Second Amended Complaint and include the case number (2:20-cv-1765) in the top right-hand corner.

**AND NOW**, this 11th day of August, 2021;

**IT IS HEREBY ORDERED** that Plaintiff's Motion "to drop the claims against defendants Mr. Giddens, Mr. Snider, Lt. Claypoole, N Franz, Central Office, [and] J.S. Johnson[,]" (ECF No. 40) is **DENIED** without prejudice to Plaintiff filing a Second Amended Complaint and including only those individuals he wishes to name as defendants therein.

**IT IS FURTHER ORDERED** that, no later than September 10, 2021, Plaintiff should file a Second Amended Complaint. In filing the Second Amended Complaint Plaintiff should follow the instructions that were set forth in this Court's previous order dated January 20, 2021.

See ECF No. 14.  A copy of that Order will be included along with this Order for Plaintiff's reference.

**AND IT IS FURTHER ORDERED** that if Plaintiff fails to file a Second Amended Complaint by the time allowed then the Court will proceed with Plaintiff's Amended Complaint as the operative complaint and rule on the pending Motion to Dismiss/Summary Judgment that was filed by Defendants K. Feather and J.S. Johnson on May 4, 2021.  Plaintiff is again reminded that he will not be given his medical records, or any portion thereof, unless he survives the Defendants' pending Motion.  See ECF No. 37.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Elwood Ferguson Gladney, Jr.
      NU5149
      SCI Mercer
      801 Butler Pike
      Mercer, PA  16137

      Counsel of record
      (Via CM/ECF electronic mail)